## JOSEPH KRIEG, RESPONDENT, v. FLORENCE T. TIMKEN ET AL., APPELLANTS.

### Argued October 26, 1925—Decided February 8, 1926.

Where a nuisance exists at the time of the creation of an estate for years, and the lessee does nothing except to maintain the demised premises in the condition in which he received them, a person who suffers from the nuisance must look to the landlord, and not to the tenant, for redress. The question whether the fact that a gate affording access to an areaway, opened inward instead of outward, constituted a menace to the safety of people traveling along the street, is not a matter involving "expert" opinion.

---

On appeal from the Supreme Court.

For the appellants, *Julius Lichtenstein* and *John D. Pierson.*

For the respondent, *Warren Dixon.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action brought to recover compensation for injuries sustained by the plaintiff, Krieg, in falling down an areaway leading to the basement of a hotel building in the city of Hoboken. The suit was brought against Timken and others, as owners of the property, and against Harry Braun, as a tenant, in possession

thereof under a lease from the owners. The allegation of the plaintiff was that this areaway was not properly protected, for the reason that the gate opening upon the steps thereto was hung so that it opened inward instead of outward, and by reason thereof made travel along the street unsafe to anybody who should come in contact with it. The plaintiff further alleged that the city of Hoboken, some time after the lease under which Braun held had been executed, and after he had entered into occupation of the premises, passed an ordinance requiring the owners and occupants of premises that had areaways which encroached upon a public street to remove them within a given time; that this ordinance applied to the premises in question; that this requirement was not complied with either by the owners or by the tenant; that the mainenance of the areaway in violation of the ordinance constituted a public nuisance, and that the accident which happened to the plaintiff was the direct result of the failure of the defendants to abate it. The trial resulted in a verdict against both the landlords and the tenant, and they each of them have appealed from the judgment entered thereon.

More than thirty grounds of appeal have been submitted as justifying a reversal of this judgment. It is only necessary, however, to consider two of them.

The trial court charged the jury, in effect, that if they should find that the presence of this areaway constituted a public nuisance the landlords and the tenant would each be liable for injuries received by a third person directly caused by the continuation of that nuisance, and this instruction is made one of the grounds of appeal by both the landlords and the tenant. So far as the owners of the property are concerned, we are of opinion that the instruction was an accurate statement of the law. We do not think it was sound, however, so far as it applies to the tenant. In the case of *Meyer* v. *Harris,* 61 *N. J. L.* 99, the Supreme Court, in discussing the question of the tenant's liability under similar circumstances, uses this language: "The law imposes upon an ordinary tenant for years the duty of keeping the demised prem-

ises in repair, and of returning them to his landlord at the end of his term in approximately the same condition in which he received them. * * * This being so, it follows as a necessary result that a lessee is under no obligation to a third person to tear down or to suffer to fall into decay a structure upon the demised premises which, in the state in which it was at the commencement of the term, was a nuisance. The law does not impose upon anyone the duty of performing an act for the benefit of one person which will necessarily subject him to liability at the hands of another. In those cases in which the nuisance exists at the time of the creation of the estate for years, and the lessee does nothing except to maintain the demised premises in the condition in which he received them, the person who suffers from the nuisance must look to the landlord, and not to the tenant, for redress." The soundness of this doctrine has not been criticised by any of our later decisions, and we consider it an accurate statement of the law. In the present case there was no suggestion that there had been any change in the demised premises, so far as the areaway was concerned, during the tenant's occupation, and, consequently, the instruction, so far as he was concerned, was erroneous. That it was harmful is apparent.

The only other ground of appeal that needs consideration is based upon the admission of the testimony of a witness named Wells, who was a contractor having had some experience in the erection of buildings with areaways as appurtenances. He was called as an alleged expert, and testified, over objection, that it was not proper construction to build a fence and gateway to protect an area and have the gate open inward instead of outward, and that such construction was dangerous to the public. The ground of objection to his testimony was that the facts concerning which he testified were not the subject of expert evidence; that it was for the jury, and not for an alleged expert, to say whether the fact that a gate opened inward instead of outward constituted a menace to the safety of people traveling along the street, without regard to the stability of its fastening. We think the objection was well founded, and for the reason upon which it

was based. The offered testimony should have been excluded, and its admission constituted harmful error, injurious both to the tenant and the landlords.

We conclude, for the reasons expressed, that the judgment under review should be reversed as to all the defendants.

*For affirmance*—KALISCH, BLACK, CAMPBELL, LLOYD, JJ. 4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KATZENBACH, McGLENNON, KAYS, HETFIELD, JJ. 9.